**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

BRIAN PATRICK MOLLOY,

Debtor.
_______________________________/

Case No. 26-45265-prh
Chapter 13
Hon. Paul R. Hage

# OPINION ON DEBTOR'S MOTION TO IMPOSE STAY PURSUANT TO 11 USC §362(c)(4)(B)

## I. Introduction

This matter is before the Court upon *Debtor(s)' Motion to Impose Stay Pursuant to 11 U.S.C. §362(c)(4)(B)* [Doc. No. 48] (the "Motion") filed by Brian Patrick Molloy (the "Debtor"). On May 7, 2026 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").[1] The Motion, which seeks to impose a stay pursuant to section 362(c)(4), was filed on August 30, 2026, 115 days after the Petition Date. For the reasons detailed herein, the Motion must be denied.[2]

[1] The Bankruptcy Code is set forth in 11 U.S.C. § 101 *et seq.* Specific chapters of the Bankruptcy Code are identified herein as "chapter __" and specific sections of the Bankruptcy Code are identified herein as "section __."

[2] The Court has reviewed the Motion and has determined that oral argument will not aid in the resolution of the Motion.

## II. Factual Background

In the year prior to the commencement of this chapter 13 case, Debtor had two prior bankruptcy cases that were pending. Specifically, the Debtor filed Case No. 25-47305 on July 21, 2025. That case was dismissed prior to the confirmation of any plan on February 10, 2026. Thereafter, the Debtor filed Case No. 26-45179 on May 5, 2026. This second filing was dismissed that same day because the Debtor failed to file a valid credit counseling certificate as required by section 109(h)(1). Both cases were commenced by the Debtor without the assistance of counsel. Both cases were dismissed because, among other reasons, the Debtor failed to timely file certain required documents with the Court. The instant case was also filed without the assistance of counsel, but attorney Ryan M. Moldovan filed an appearance as counsel for the Debtor on August 30, 2026 [Doc. No. 43].

Debtor filed the Motion seeking to impose a stay pursuant to section 362(c)(4) in this, his third case, on August 30, 2026. In the Motion, Debtor acknowledges the mistakes that resulted in the dismissal of his prior cases. He states that he is acting in good faith in this case as evidenced by, among other things, the fact that he has now retained counsel to move this case "in the right direction." He states that he now "understands what he needs to do in order to move forward with his case so his plan can be confirmed."

## III. Applicable Law

Section 362(a) imposes a statutory injunction that arises by operation of law when a bankruptcy case is commenced, and which precludes various acts against the debtor, property of the debtor, and property of the estate. *See* 11 U.S.C. § 362(a). With certain exceptions enumerated in the statute, *see* 11 U.S.C. § 362(b), this automatic stay halts most post-petition efforts to collect on debts owed by a debtor. 11 U.S.C. § 362(a).

In 2005, Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). It is generally acknowledged that one of the goals of BAPCPA was to curb perceived bankruptcy abuses committed by serial filing debtors. Congress did this by, among other things, enacting subsection (c)(4) of section 362. Repeat filers with two or more cases dismissed within the last year are subject to that section, which provides that "the stay under [section 362(a)] shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). In other words, a debtor who has filed more than one case during the preceding year is not entitled to a stay. Instead, the statute provides that a debtor has thirty days from their petition date to request that the stay "take effect" or be "imposed" by showing that the most recent case was filed "in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B).

## IV. Analysis

In the Motion, the Debtor asks the Court to impose a stay for the duration of this case. The Motion does not offer any specific statutory or other authority in support of Debtor's request to impose a stay at this time. Indeed, the only reference to the Bankruptcy Code in the Motion is a reference to section 364(c)(4)(B) generally in the title of the Motion and in the Motion's prayer for relief.

The Court will address the avenues through which the Debtor could possibly obtain the requested relief in this case. First, the Court will determine whether section 362(c)(4)(B) can be utilized to impose an automatic stay where, as here: (i) Debtor had two prior cases pending within the year prior to the Petition Date, and (ii) the Motion was not filed within thirty days of the most recent petition date. Next, the Court will consider whether it is appropriate to utilize its inherent equitable powers and/or section 105(a) to impose a stay in favor of Debtor.

In undertaking this analysis, the Court is mindful that the United States Supreme Court has repeatedly directed that:

> The task of resolving the dispute over [the interpretation of a statute] begins where all such inquiries must begin: with the language of the statute itself…. [I]t is also where the inquiry should end, for where … the statute's language is plain, the sole function of the courts is to enforce it according to its terms.

*United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (citations omitted); *see also Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it

means and means in a statute what it says there…. When the words of a statute are unambiguous, then, this first cannon is also the last: judicial inquiry is complete.”).

**a. Section 362(c)(4)(B) does not authorize relief at this juncture**

The Motion seeks to impose a stay pursuant to section 362(c)(4). Section 362(c)(4)(A)(i) provides:

> if a single or joint case is filed by or against a debtor who is an individual under this title and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed…, the stay under subsection (a) shall not go into effect upon the filing of the later case.

11 U.S.C. § 362(c)(4)(A)(i). Section 362(c)(4)(B) contemplates that the stay can be imposed in such cases by the filing of a motion within thirty days of the petition date:

> if, *within 30 days after the filing of the later case*, a party in interest requests the court may order the stay to take effect in the case as to any or all creditors (subject to such conditions or limitations as the court may impose), after notice and a hearing, only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. § 362(c)(4)(B) (emphasis added).

Most courts have held that section 362(c)(4), by its plain terms, exclusively governs applications to impose a stay in cases filed by debtors who had two or more prior cases dismissed within the preceding year. *See In re Epting*, 652 B.R. at 137 (citing *In re Norman*, 346 B.R. 181, 183 (Bankr. N.D. W. Va. 2006)); *In re Whitaker*, 341 B.R. 336, 343 (Bankr. S.D. Ga. 2006); *In re Clark*, 2019 WL 2488146, at *4

(Bankr. N.D. Miss. May 9, 2019). This Court agrees. However, section 362(c)(4)(B) provides that the court may order the stay to take effect after notice and a hearing only if a party in interest requests such relief "within 30 days after the filing of the later case." Because the Debtor failed to timely seek such relief in this case, no stay can be imposed under section 362(c)(4)(B).

Simply put, section 362(c)(4) does not provide any mechanism for repeat filers to circumvent the thirty-day deadline imposed by section 362(c)(4)(B). Accordingly, section 362(c)(4) affords Debtor no relief.

**b. Section 105(a) does not independently provide a basis for relief**

Given the circumstances, the Court also contemplated imposing a stay by utilizing its inherent equitable powers and/or section 105(a). Unfortunately, this is also not possible. It is true that some courts have invoked section 105(a) to impose a stay after finding that section 362(c) does not authorize relief. *See, e.g.*, *In re Whitaker*, 341 B.R. at 348. Such courts generally analyze requests for imposition of the stay by considering the traditional standards utilized for requests for injunctive relief. *Id.*; *see also In re Radson*, 462 B.R. 911 (Bankr. S.D. Fla. 2011); *In re Williams*, 346 B.R. 361, 371 (Bankr. E.D. Pa. 2006).

Bankruptcy courts' equitable powers have been curtailed by the Supreme Court in recent years. For example, in *Law v. Siegel*, 571 U.S. 415, 421 (2014), the

Supreme Court stated that in exercising its statutory and inherent powers, "a court may not contravene specific statutory provisions." The Court continued:

> It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 COLLIER ON BANKRUPTCY ¶ 105.01[2], p. 105–6 (16th ed. 2013). Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere…. We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code.

*Id.*

Given the detailed procedures and requirements established by Congress in section 362(c) for extending or imposing the automatic stay in cases involving repeat filers, the Court is unwilling to exercise its equity powers to grant relief otherwise foreclosed by the statute. Other courts have likewise declined to use section 105(a) in this context. *See, e.g.*, *In re Scott*, 647 B.R. 539, 541 (Bankr. E.D. Mich. 2023) ("the Court does not have authority, under 11 U.S.C. § 362(c)(4)(B), or under 11 U.S.C. § 105(a), or otherwise, to impose the stay once the stay has terminated under 11 U.S.C. § 362(c)(3)(A)."); *In re Martinez*, 515 B.R. 383 (Bankr. S.D. Fla. 2014); *In re Jumpp*, 344 B.R. 21 (Bankr. D. Mass. 2006), *order vacated on other grounds*, 356 B.R. 789 (B.A.P. 1st Cir. 2006); *In re Garrett*, 357 B.R. 128 (Bankr. C.D. Ill. 2006).

"While it is often tempting to override the mandate of a statutory requirement in circumstances where, like here, the Code does not seem logical or application of the Code section will yield a harsh result, § 105(a) is not a panacea to correct judge-perceived legislative mistakes." *Martinez*, 515 B.R. at 386. Here, Debtor simply did not act in time, and this Court will not invoke section 105(a) to ignore the unambiguous statutory deadlines for obtaining the relief sought.

## V. Conclusion

In some ways, this is a regrettable outcome. The limited record before the Court does not suggest that Debtor is acting in bad faith. It appears to the Court that Debtor's prior cases were dismissed due to a lack of understanding of the statutory requirements imposed on all chapter 13 debtors. This is, unfortunately, an all-too common scenario with parties acting *pro se*. It is why courts so frequently encourage pro se debtors to hire counsel. With the assistance of counsel, Debtor has now filed amended pleadings and appears to be making progress towards confirmation of a chapter 13 plan.

Nevertheless, for the reasons stated, the Court denies the Motion. The Court lacks the authority to grant the requested relief.[3] The Court will enter a separate order consistent with this Opinion.

---

[3] This may leave Debtor with a few options if he believes imposition of a stay is necessary. First, he might just dismiss this case, file another, and move for imposition of the stay under section 362(c)(4)(B) within 30 days of the petition date. He could then submit evidence that the filing of

**Signed on September 2, 2026**

**/s/ Paul R. Hage**

**Paul R. Hage**
**United States Bankruptcy Judge**

---

such case "is in good faith as to the creditors to be stayed." *See* 11 U.S.C. § 362(c)(4)(B). Alternatively, nothing in this Opinion precludes the possibility of the Debtor seeking an injunction that is the equivalent of an automatic stay through a confirmed chapter 13 plan. *See generally* 11 U.S.C. § 1322(b)(11); Fed. R. Bankr. P. 7001(g).